IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Mark Moran,** | ) | **CASE NO. 1: 24 CV 985** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JUDGE PATRICIA A. GAUGHAN** |
| v. | ) | |
| | ) | |
| **Pennymac, LLC,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction and Background**

*Pro se* Plaintiff Mark Moran has filed this civil action against Defendant PennyMac Loan Services, LLC ("Pennymac" or "Defendant"). Plaintiff's complaint is unclear, but it pertains to a mortgage loan he obtained in 2019 relating to property located at 17055 Raccoon Trail in Strongsville, Ohio from Ruoff Mortgage Company, Inc. (*See* Doc. No. 1-6.) Plaintiff obtained the loan in the amount of $212,050.00. (*See id*.)

In his Statement of Claim, Plaintiff challenges the validity of his mortgage "contract," but he does not set forth cogent allegations of wrongdoing by Pennymac. Among other things, he states in unclear and purely conclusory terms that his mortgage contract regarding the property "contains unlawful Usury"; that Defendant is "stealing [his] funds"; that Defendant "is not the current owner of the mortgage in question"; and that "Defendant's contract is with a fictitious entity that has the same name as plaintiff, the supposed loan and contract is not with the living

man Mark Moran." (Doc. No. 1 at 2.) He also states that he "reinstated [the] mortgage in question, in fear of losing [his] home to foreclosure before receiving [a] court ruling that a count of reformation is needed." (*Id*.) Plaintiff's complaint fails to set forth any specific request for relief. The complaint refers to multiple criminal provisions and other sections of the United States Code, and Plaintiff states that "[a]ll Motions to Dismiss from defendants should be denied for blatant fraud as supposed contract is not with the living man Mark Moran but with the fraudulent corporation unknowingly created by Mark Moran's birth certificate." (Doc. No. 1-1 at 2.)

Defendant has filed a Motion to Dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 11.) Defendant argues that Plaintiff lacks standing to challenge the assignment of his note and mortgage to it because a borrower is not a party to such transfer agreements (*id*. at 6); Plaintiff has no valid basis to avoid his debt obligations on the basis he is a "sovereign citizen" and not subject to the laws of the United States (*id*. at 7); Plaintiff's complaint contains "only conclusory and barebones and non-specific statements" and is devoid of facts demonstrating a plausible claim of any wrongdoing by Pennymac (*id*. at 5); and Plaintiff has no plausible claim under the provisions of the United States Code to which his complaint refers. (*Id*. at 8-10.)

Plaintiff has filed an Opposition (Doc. No. 12) in response to Defendant's Motion, as well as a "request to file Civil Motion for Summary Judgment." (Doc. No 13.) These documents, like Plaintiff's complaint, are unclear and conclusory.

**Standard of Review**

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim

upon which relief may be granted. To survive a Rule 12(b)(6) dismissal, a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). That is, the plaintiff must set forth allegations sufficient to "raise a right to relief [against the defendant] above the speculative level." *Twombly*, 550 U.S. at 555.

Additionally, to allege a claim in federal court, a plaintiff's complaint must contain allegations sufficient to give the defendant fair notice of what his legal claims are *and* the grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to state a claim. *Twombly*, 550 U.S. at 555.

Although pleadings and documents filed by *pro se* litigants are entitled to liberal construction and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a *pro se* plaintiff must still meet basic pleading requirements, and courts are not required to conjure allegations or create claims on his behalf. *See Grinter v. Knight,* 532 F.3d 567, 577 (6th Cir. 2008); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

## Discussion

Upon review, the Court agrees with Defendant that Plaintiff's complaint warrants dismissal pursuant to Rule 12(b)(6). Even liberally construed, the unclear and conclusory legal assertions and statements set forth in Plaintiff's pleadings fail to meet basic pleading

requirements necessary to state a claim in federal court and are insufficient to raise his right to relief, on any legal claim, against Pennymac beyond a speculative level. *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726–27 (6th Cir. 1996 (courts are not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

In addition, the Court agrees with Pennymac that Plaintiff's complaint is subject to dismissal for the reasons asserted in its Motion to Dismiss. Nothing in Plaintiff's complaint or other pleadings plausibly suggests Plaintiff did not have a valid mortgage contract with Pennymac. To the contrary, documents Plaintiff attaches to his complaint, as well as public records of which the Court may take judicial notice, indicate that Pennymac is the current holder of his note and mortgage. *See* Doc. No. 1-2 at 1; 1-3 at 3; 1-6 at 6; Complaint in Foreclosure filed in *PennyMac Loan Services, LLC. v. Mark D. Moran*, No. CV 24 993696 (Cuyahoga Cty. Ct. of Comm. Pls). And, Plaintiff has not alleged cogent, specific facts plausibly suggesting wrongdoing by Pennymac in connection with his mortgage loan, or in any other context. Pennymac has correctly asserted that Plaintiff has no plausible claim against it to the extent he purports to challenge the assignment of his loan to it, or on the basis that he is not a citizen subject to his mortgage debt obligation. *See, e.g., Clark v. Lender Processing Services, Inc.*, 949 F.Supp. 2d 763, 771 (N.D. Ohio 2013) ("a litigant who is not a party to an assignment lacks standing to challenge that assignment"); *U.S. v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (rejecting plaintiff's argument that he is not subject to federal income tax laws on the basis he is solely a resident of the state of Michigan and not a resident of any "federal zone").

In sum, even liberally construed, Plaintiff's complaint and the materials he has submitted in opposition to Pennymac's Motion to Dismiss fail to support a reasonable inference that he has any plausible federal civil claim against Pennymac upon which he may be granted relief.

## Conclusion

Accordingly, Defendant's Motion to Dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 11) is granted, and Plaintiff's complaint is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                /s/ Patricia A. Gaughan
                                                PATRICIA A. GAUGHAN

Dated: 11/20/24                                   United States District Court Judge